**Steve WILLIAMS, Plaintiff–Appellant,**

**v.**

**Kelly ADAMS, et al., Defendants,**

**v.**

**Richard SPURLOCK,**
**Defendant–Appellee.**

No. 86–3624.

United States Court of Appeals,
Fifth Circuit.

Feb. 5, 1988.

Jack H. Tobias, Richard G. Bates, Jr., New Orleans, La., for plaintiff-appellant.

Andrianne L. Baumgartner, Porteous, Hainkel, Johnson & Sarpy, Covington, La., James Reed Carter, New Orleans, La., for Richard Spurlock.

Before CAROLYN DINEEN KING[*] and DAVIS, Circuit Judges, and PARKER,[**] District Judge.

ROBERT M. PARKER, District Judge:

Plaintiff–Appellant Steve A. Williams (Williams) appeals from a decision granting summary judgment in favor of the Defendant–Appellee Richard T. Spurlock (Spurlock). Williams sued Spurlock and a number of other individuals alleging violations of Constitutional rights under 42 U.S.C. Section 1983, and other pendent causes of action under Louisiana law, including wrongful arrest, false imprisonment, and defamation. The action arose out of incidents which lead to Williams' arrest by the Bogalusa, Louisiana City Police Department.

Appellant Williams forwards a number of arguments arguing that the district court erred in granting summary judgment for Appellee Spurlock. We conclude that these arguments are without merit, and therefore, we affirm the action of the district court below.

## BACKGROUND

On January 5, 1985, Jody Adams, a six year old child, alleged that two men in a pickup truck attempted to entice him to come towards their vehicle. Jody Adams "ran home" after this incident and told his father, Kelly Adams (Adams), who is a defendant in the district court action, what had happened. Kelly Adams' other minor child, Tara Adams, and the Appellee Richard Spurlock's son, Christopher (Chris) Spurlock, both indicated to Adams that they had also seen two men in the truck. Chris Spurlock, age eight, said that the men had called to him while he and Tara Adams, age nine, were playing in the vicinity. These events took place in Bogalusa City, Louisiana.

Kelly Adams and his son Jody searched the neighborhood in their vehicle and spotted the truck some time later. Adams then took down the license plate and description of the men and the vehicle, called the police, and formally lodged a complaint on behalf of his son. The Appellee Richard Spurlock did *not* initiate contact with the police. Spurlock spoke to the police when they were in the neighborhood investigating the incident reported by Adams. He told the police that his son similarly "ran home" and informed him of an incident involving two men. Spurlock stated in his affidavit that he learned from his son that the men did not get out of the truck, and that "he was not close enough to see" the men. Affidavit of Richard T. Spurlock.

The Bogalusa City Police arrested Williams and Carlyle M. Belton on January 8, 1985, for the offense of Encouraging or Enticing a Minor Away from his Parent or Guardian, pursuant to 14 La.Rev.Stat.Ann. 92.1, based upon the Offense Report of January 6, 1985, showing Adams as the Complainant for his son. After Williams and Belton were picked up, Adams and his children identified both of them in a photo-

[*] Formerly Carolyn Dineen Randall.

[**] District Judge of the Eastern District of Texas, sitting by designation.

graphic police line up on January 8, 1985, as the men they had seen in the truck. The police notified Spurlock and his son to come to the police station, however on January 12, 1985, neither could identify the suspects. In his affidavit, Spurlock stated that he never had seen the men in the truck, and also indicated that his son, who had seen the men, could not positively identify them or remember what they looked like. Spurlock did not formally press charges on his own or on his son's behalf against Williams. The Appellant was released sometime after January 15, 1985.

On or about December 19, 1985, Appellant Williams filed suit against Kelly Adams and a number of other defendants, arguing a deprivation of Constitutional rights under 42 U.S.C. Section 1983, and state law tort claims including false imprisonment and defamation, and wrongful arrest. Spurlock was added as a defendant, by amended complaint, on June 27, 1986. Williams contends that he was looking for missing dogs in the neighborhood and was wrongfully arrested, and consequently lost his job as a result of publicity about the incident.

The Appellant argues that the actions of Richard Spurlock, and his minor child Chris, contributed to the harm suffered as a result of his alleged wrongful arrest and incarceration, and that a material issue of fact exists as to the substance of Spurlock's communications with the police. He argues that Appellee Spurlock is liable under the doctrine of *in solido* liability under Louisiana Civil Code 2324 [1], and is liable pursuant to Louisiana Civil Code 2315 and under 2318 for the delictual actions of his minor child.[2] On August 13, 1985, the district court held a hearing on the defendants City of Bogalusa, Kelly Adams, Hanover Insurance Company, Bogalusa Police Department, and Richard Spurlock's motions for summary judgment. All were denied, except for the motion of Richard Spurlock. Spurlock was granted summary judgment by amended minute entry on August 28, 1986, without a written opinion, and a motion for rehearing was denied by the district court on October 23, 1986.

## DISCUSSION

A court may only grant a motion for summary judgment when "there is no issue of material fact, and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party also has the burden of showing that these conditions have been satisfied. *Thomas v. Harris County*, 784 F.2d 648, 651 (5th Cir.1986) (per curium). Furthermore, in reviewing a motion for summary judgment, on appeal we must view the evidence in the light most favorable to the party resisting the motion, as the district court must do in the first instance. *Simon v. United States*, 711 F.2d 740, 743 (5th Cir.1983).

---

1. Art. 2324. Liability for assisting or encouraging wrongful act

Art. 2324. He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.

Persons whose concurring fault has caused injury, death or loss to another are also answerable, in solido; provided, however, when the amount of recovery has been reduced in accordance with the preceding article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of negligence has been attributed, reserving to all parties their respective rights of indemnity and contribution. *See, Equilease Corp. v. Smith International, Inc.*, 588 F.2d 919 (5th Cir.1979) (under Louisiana tort law each person who joins in committing a wrong under Article 2324 is jointly and severally liable).

2. Art. 2315. Liability for acts causing damages

Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.

Art. 2318. Acts of minors

The father and the mother and, after the decease of either, the surviving parent, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.

The same responsibility attaches to the tutors of minors.

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, ——, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986), the U.S. Supreme Court stated that, in ruling on a motion for summary judgment,

> (t)he inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. at ——, 106 S.Ct. at 2511. In reviewing such determinations made by a district court, we have held that we may affirm a summary judgment, "only when the moving party has established his rights to the judgment with such clarity that the non-moving party cannot recover ... under any discernible circumstances." *Clark v. Tarrant County, Texas,* 798 F.2d 736, 746 (5th Cir.1986), *quoting, Everhart v. Drake Management, Inc.,* 627 F.2d 686, 690 (5th Cir.1980).

The district court must look to the full record, including pleadings, affidavits, and depositions, *Trevino vs. Celanese Corp.,* 701 F.2d 397, 407 (5th Cir.1983); *Thomas vs. Harris County,* 784 F.2d at 651, and on appeal from a ruling granting summary judgment, this court will conduct a similar inquiry. *Thomas v. Harris County,* 784 F.2d at 651. In cases where the court has the benefit of a record fully developed through affidavits and depositions, and it "demonstrates that, construing all of the facts and inferences to be drawn therefrom in favor of the party against whom the judgment is entered, he would not be entitled to have a jury verdict stand, we have not hesitated to hold that the grant of summary judgment is proper." *Southard v. Forbes, Inc.,* 588 F.2d 140, 145 (5th Cir.

1979), quoting *Time, Inc. v. McLaney,* 406 F.2d 565, 572 (5th Cir.1969), *cert. denied,* 395 U.S. 922, 89 S.Ct. 1776, 23 L.Ed.2d 239 (1969).

■ Genuine disputes over irrelevant or non-material facts may not provide the basis for reversal of a summary judgment, and this court must analyze the substantive law to determine which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at ——, 106 S.Ct. at 2510. We necessarily turn to an analysis of the Appellant's state law claims.[3]

■ A threshold inquiry with regard to the Appellant's claims of wrongful arrest, defamation, and false imprisonment leads us to conclude that the district court acted properly in granting summary judgment in this case because Spurlock's actions were not a significant contributing cause of Williams' arrest. *See, Arellano v. Henley,* 357 So.2d 846, 848–49 (La.App.4th Cir. 1978). In the case *sub judice,* Spurlock did not call the police to report the incident, nor did he initiate the complaint against Williams. Spurlock only informed the police once they had arrived at the Adams residence—and told the police what his son had reported to him. More importantly, neither Spurlock nor his minor child provided the police any information whatsoever regarding the Appellant Williams. Spurlock only reported that his son said he saw "two men" in a truck. Based upon the facts in this particular case, we are persuaded that this contact alone was, as a matter of law, insufficient to support the Appellant's claims asserted.[4]

The Appellant relies heavily on *Simon v. United States,* 711 F.2d 740 (5th Cir.1983) and *Fontenot v. Lavergne,* 365 So.2d 1168 (La.App.3rd Cir.1970), to support his position. However, this case is unlike the situ-

---

3. For an analysis of the elements of false imprisonment under Louisiana law, see *Fontenot v. Lavergne,* 365 So.2d 1168, 1170 (La.App.3rd Cir.1970); *Jones v. Simonson,* 292 So.2d 251 (La.App.4th Cir.1974). The Louisiana Supreme Court in *Cangelosi v. Schwegmann Brothers Giant Supermarkets,* 390 So.2d 196 (La.1980), described the requisite elements of defamation under Louisiana law.

4. In instances where there *are* disputed material issues of fact, whether a particular action was reasonable is normally a jury question. *Arellano v. Henley,* 357 So.2d 846 (La.App.4th Cir. 1978); *Jones v. Simonson,* 292 So.2d 251 (La. App.4th Cir.1974).

ation in those cases where there were claims that the defendant's conduct had actually caused the arrest or issuance of a warrant. *Fontenot v. Lavergne,* 365 So.2d at 1164–70; *See, Simon v. United States,* 711 F.2d at 744 (Defendant had improperly identified subpoena issue and influenced judge to issue bench warrant when he knew party had never been served). In those cases, the defendants had provided the police with detailed descriptions or actual names that identified particular individuals. Here it is evident that the police relied primarily upon the description and reports of Adams and his minor children to apprehend the suspects, not upon Spurlock's information. Spurlock's minor child did not search the neighborhood for the men and provide the police with a detailed description of the truck or occupants, nor could he even identify the suspects in a photographic police line up.

The district court refused to grant summary judgment for the other defendants at the hearing on August 13, 1985, and only granted summary judgment with respect to Spurlock. We specifically do not pass on the merits of the Appellant's claims against other defendants, but we agree with the district court's action as it relates to Spurlock. As we have said, "(i)n cases that involve complicated fact patterns and multiple causes of action, summary judgment may be proper as to some causes of action but not as to others, or as to some issues but not as to others, or as to some parties but not as to others...." *Barker v. Norman,* 651 F.2d 1107, 1123 (5th Cir.1981).

■ Moreover, in a case such as this one, there are strong policy considerations to allow a parent to reasonably protect minor children from potential harm. Similarly, witnesses who act in a responsible manner to assist law enforcement personnel in criminal investigations should not necessarily be subjected to liability where their actions are reasonably justified by the surrounding circumstances. As one Louisiana court has observed in interpreting one of the statutes at issue, "(o)ur code does not intend, and society could not tolerate, that reasonable efforts towards crime suppres-

sion be punished, and therefore curtailed, by civil liability for a simple mistake." *Jones v. Simonson,* 292 So.2d 251, 253 (La.App.4th Cir.1974). Given the lack of sufficient conduct which causally connects Spurlock's actions to the arrest of the defendant, and strong policy interest that favors protection of minor children by a parent's cooperation as a witness with law enforcement personnel, we find that summary judgment was appropriate in this case.

We therefore conclude that Spurlock's (or his son's) action was not a significant contributing cause of Williams' arrest since Spurlock alone "... did not reasonably provide probable cause for the arrest that was made...." *Arellano v. Henley,* 357 So.2d at 848. Consequently, the action of the district court is, hereby,

AFFIRMED.