**In the Matter of Stanley LEVINE, Debtor.**

**LOUISIANA BUILDERS SERVICES, INC., Plaintiff,**

v.

**Stanley LEVINE, Phyllis Levine, Defendants.**

**Civ. A. No. 88–2047. Bankruptcy No. 86–04557–THK.**

United States District Court, E.D. Louisiana.

Feb. 16, 1989.

## OPINION

SEAR, District Judge.

Defendant, Stanley Levine, filed a petition in bankruptcy on November 10, 1986. Plaintiff, Louisiana Builders, Inc. ("Louisiana Builders"), filed an objection on January 20, 1987 to defendant's discharge based upon alleged violations of 11 U.S.C. Secs. 523(a)(4) and (6) which relate to fraud and willful and malicious injury by a debtor. The issue of dischargability was decided by the bankruptcy judge on cross-motions for summary judgment, and he discharged debtors Stanley Levine and Phyllis Levine in bankruptcy. Louisiana Builders appeals the grant of discharge.

Custom Weather Control ("CWC") and the Levines filed separate petitions for bankruptcy on November 10, 1986. On January 22, 1987, the plaintiff objected to CWC's discharge. Subsequently, the trustee in the CWC matter abandoned CWC's accounts receivable and the plaintiff filed a motion to dismiss its petition to bar discharge. The motion was granted on June 5, 1987. Plaintiff now objects only to the discharge of the individual debtors in their bankruptcy.

Bankruptcy Rule 8013 sets out the appropriate standard of review of this appeal. It provides:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The statute, 11 U.S.C. Secs. 523(a)(4) and (6), which plaintiff claims prevents the debtors' discharge provides in part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Following the hearing on the cross motions for summary judgment, the bankruptcy judge entered "findings of fact and conclusions of law". In his conclusions of law the bankruptcy judge writes:

> After an examination of all pleadings, depositions and affidavits on file, and considering the arguments of counsel, the Court finds that there is no genuine issue as to any material fact in this case and that the Debtor is entitled to a discharge as a matter of law.

Curiously, the bankruptcy judge made findings of fact. He found: debtor Stanley Levine was president of CWC, a contractor for the installation of home energy savings devices; plaintiff Louisiana Builders is a subcontractor engaged in the installation of home energy savings devices; CWC procured leads on interested homeowners and secured contracts for the installation of home energy savings devices; Louisiana Builders installed the systems contracted for by CWC; Louisiana Builders provided all of the necessary materials and labor to perform the work; when CWC received payment from the homeowner, it was in turn supposed to make payment to Louisiana Builders for its services; in December, 1985, CWC began to experience difficulty in making payments to Louisiana Builders for work that it had completed and for which the homeowners had paid; as of July 15, 1986, CWC owed Louisiana Builders $268,103.28; in June, 1986, the debtor met with the officers of the plaintiff corporation and offered partial payment in settle-

ment of CWC's debt; this offer was rejected and the plaintiff began filing liens on the individual homeowner's properties.

Plaintiff made an allegation that the debtor made certain false representations and threats which caused plaintiff to withhold placing liens on the property of the homeowners to protect its debt. The bankruptcy judge examined the deposition of Steven Lindsoe, an officer of Louisiana Builders, and further found that the debtor did not cause plaintiff to release any liens that the plaintiff had secured nor had he caused him to forego placing any liens on any jobs for which plaintiff had not been paid. The bankruptcy judge found that the actions of the debtor did not cause the plaintiff to forego placing liens on jobs for which he had not been paid, but rather, the plaintiff failed to secure liens due to its own volition.

Bankruptcy Rule 7056 incorporates Rule 56 of the Federal Rules of Civil Procedure. That rule provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■ Because there is a genuine issue of material fact as to whether the actions of debtor caused "willful and malicious injury" under 11 U.S.C. Sec. 523(a)(6) to the plaintiff by causing plaintiff not to file any liens on certain homeowners' properties, summary judgment is inappropriate and contrary to the plain language of the rule. It was therefore inappropriate to grant summary judgment.

Summary judgment may be granted only when there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Williams v. Adams*, 836 F.2d 958 (5th Cir.1988). Summary judgment will not lie if the dispute about a fact is genuine; that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct.

2505, 91 L.Ed.2d 202 (1986). Because the evidence presented by Louisiana Builders could lead a jury to believe that the debtor caused malicious and willful injury to them by causing them to forego placing liens on certain homeowners property, the grant of summary judgment in this instance was improper.

■ The bankruptcy judge did find as a matter of law that no fiduciary relationship existed between Levine and Louisiana Builders within the meaning of Sec. 523(a)(4). On this issue, the bankruptcy judge was clearly correct. The Fifth Circuit discussed a similar situation as it applied to contractors in *Matter of Angelle*, 610 F.2d 1335 (5th Cir.1980). Under federal law, a fiduciary relationship exists only when there is a technical or an express trust. *Angelle*, 610 F.2d at 1341. The trust must arise prior to and without reference to the act creating the debt. *Id.* Here, the trust did not arise prior to and without reference to the act creating the debt. Additionally, the Fifth Circuit found that Louisiana Revised Statute 14:202, which makes misappropriation of funds by a contractor a criminal offense, does not create a trust relationship required by Sec. 523(a)(4) to bar the dischargability of a debt. *Id.*

Accordingly,

IT IS ORDERED that the judgment of the Bankruptcy Court granting summary judgment is REVERSED and the matter is REMANDED to the Bankruptcy Court for further proceedings consistent herewith.