FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Huntsville National Bank, Plaintiff,

v.

Altaf ADAM, et al., Defendants.

Civ. A. No. H–90–3704.

United States District Court,
S.D. Texas,
Houston Division.

March 31, 1992.

Final Judgment July 22, 1992.

Kathleen A. Slaydon, F.D.I.C., Houston, Tex., for F.D.I.C.

Kathleen A. Slaydon, F.D.I.C., L. Keith Rhymes, Hendricks & Rhymes, Houston, Tex., for Huntsville Nat. Bank.

Altaf Adam, pro se.

Edward J. Hennessy, Hennessy & Zito, Houston, Tex., for Khaleel Rahman.

Khaleel Rahman, pro se.

Kadir Adam, pro se.

Samier Aziz, pro se.

Stephen E. Toomey, Houston, Tex., for Arif S. Adam.

W. McNab Miller, III, Bellaire, Tex., Anwar I. Qadeer, Anwar Qadeer & Associates, Houston, Tex., for Faiz Fayza.

Michael L. Durham, Houston, Tex., for Douglas C. Goerner.

B.D. Griffin, The Woodlands, Tex., for Thomas S. Keeland.

## ORDER

NORMAN W. BLACK, District Judge.

On January 6, 1992, Magistrate Judge Botley issued a memorandum and recommendation on the dispositive motions pending in this case. Judge Botley ruled on the following motions: the motion for summary judgment by the Federal Deposit Insurance Corporation ("FDIC") (entry # 71); the motion for summary judgment by Fayaz Faiz (entry # 68); and the motion to dismiss or in the alternative for summary judgment by Douglas Goerner (entry # 70). After reviewing the Magistrate's recommendation, the parties' objections, and the motions for summary judgment, the Court adopts the Magistrate's recommendation.

Background Facts:

In this lawsuit, the FDIC is suing to recover the balance owed on a promissory note executed by Altaf Adam ("Altaf") and others in favor of Huntsville National Bank ("Huntsville"). The borrowers acquired the funds to purchase 70% of the stock in Community Bank, N.A. ("Community Bank"). The borrowers pledged their shares of capital stock in Community Bank as security for the loan.

In addition to the promissory note, Huntsville and the borrowers executed a loan agreement outlining the terms and conditions of the loan. One provision of the agreement states that the borrowers will "cause Community to maintain a ratio of capital to average assets of at least 7%, or such other ratio as may be determined by any regulatory authority having jurisdiction over Community's affairs." In 1987, Huntsville accelerated the note and demanded payment because of the borrowers' failure to maintain satisfactory capital ratios. Huntsville subsequently foreclosed on the borrowers' stock, obtaining ownership of 70% of the shares of Community Bank.

In March 1987, Altaf, as chief financial officer of Community Bank, was arrested for violations of the banking laws including failure to file cash transaction reports. Altaf was convicted and sentenced for these offenses in February 1989.

In June 1988, Huntsville filed a lawsuit in Walker County, Texas to recover $475,000.00, the balance owed on the note. Following the failure of Huntsville, the receiver sold the note to the FDIC. Subsequently, Altaf and his brother, Arif Adam, filed a lawsuit against Huntsville in Walker County seeking damages allegedly arising out of foreclosure of the stock. The FDIC removed both cases to federal court.

On January 31, 1990, Altaf filed a lawsuit in Harris County, Texas against Huntsville and officers and directors of Community Bank. Altaf alleged that the defendants breached their fiduciary duty by converting certain deposit accounts held in Community Bank. The FDIC also removed this lawsuit to federal court after it was consolidated with the Walker County suit.

## I. FDIC'S MOTION FOR SUMMARY JUDGMENT

### A. FDIC's claim for recovery on the note

In its motion for summary judgment, the FDIC seeks recovery of $535,876.74, the unpaid balance on the promissory note plus accrued interest through May 22, 1987.

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.

The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In support of its motion for summary judgment, the FDIC attaches the affidavit of John Shipp, a liquidation assistant for the FDIC, who testifies that following the failure of Huntsville, the receiver sold the loan to the FDIC in its corporate capacity. Shipp testifies that the FDIC is the owner and holder of the note, the security agreement, and the loan agreement. Shipp also testifies that after the sale of the collateral stock, the balance due on the note is $535,-876.74, which includes interest through May 22, 1987. Shipp testifies that no payment has been made on this debt.

In Texas, a maker of a promissory note promises to make payment in accordance with its terms. Tex.Bus. & Comm.Code Ann. § 3.413. The FDIC, as holder of the note, is thus entitled to judgment for the unpaid balance if there are no defenses against the note's enforcement.

In response to the FDIC's motion for summary judgment and in opposition to the Magistrate's findings, Altaf makes three arguments. Altaf first argues that Huntsville breached the loan agreement by failing to provide notice of default. The loan agreement states:

> Upon the occurrence of any event of default set forth in Paragraph 4.1, Huntsville shall give to the Borrower written notice of such occurrence. Upon the expiration of ten days from the date of the notice, if the Borrower has failed to cure said event of default, ... Huntsville may, at its option and without further notice to Borrower, declare the principal and interest to be forthwith due and payable....

The agreement provides addresses for all such notices and states that all notices shall be sent by certified or registered mail.

Altaf contends that Huntsville's letter notifying him of default was insufficient because (1) the letter was sent to the wrong address; (2) the 10–day notice requirement was not satisfied; and (3) the letter was not sent by certified mail.

Altaf also argues that in the event the borrowers violated a provision of the loan agreement and Huntsville gave proper notice of the default, a material fact question exists involving whether Altaf cured the default. Altaf alleges he submitted a plan within the deadline provided in the loan agreement and that Huntsville's failure to accept the plan constituted a waiver of the default provision.

Third, Altaf contends that a fact question exists concerning whether the borrowers violated the terms of the loan agreement by maintaining an unsatisfactory capital ratio. According to Altaf, the FDIC has failed to provide evidence showing that the capital ratio of Community Bank between March 27, 1987 and May 22, 1987 was below the 7% minimum required in the agreement. In the absence of such evidence, Altaf argues that the FDIC is not entitled to recover the amount owed on the note.

The Court finds that Altaf's defenses against the note's enforcement are barred by the federal holder in due course doctrine. A holder in due course takes an instrument for value, in good faith, and without notice of any defense against it or claims to it. Tex.Bus. & Comm.Code Ann. § 3.104 (Vernon 1968). The doctrine bars the makers of promissory notes from asserting "personal" defenses, those which stem from the underlying transaction, against the FDIC in connection with purchase and assumption transactions involving insolvent banks. *Campbell Leasing, Inc. v. FDIC*, 901 F.2d 1244 (5th Cir.1990). Only real defenses, such as incapacity, fraud in the factum, and forgery, render the note unenforceable. *NCNB Texas Nat. Bank v. Campise*, 788 S.W.2d 115 (Tex. App.—Houston [14th Dist.] 1990).

The Court finds that because Altaf has failed to allege or present evidence of real defenses, the FDIC as holder in due course

is entitled to recover the amount owed on the note.

The defenses asserted by the other borrowers are also barred. The borrowers argue that Altaf misrepresented to them that a holding company, which was to be formed after the acquisition of the Community Bank stock, would be liable for the debt. Further, the borrowers argue that the FDIC cannot enforce the note against them because they did not receive adequate notice of the default. Because these personal defenses are not cognizable against the FDIC as a holder in due course, the FDIC is entitled to recovery on the note.

### B. FDIC's motion on affirmative claims

The FDIC also seeks summary judgment on Altaf's affirmative claims against Huntsville. Altaf's allegations, which include conspiracy, breach of fiduciary duty, fraud, and tortious interference with contract, are based on the foreclosure of the collateral stock and on the freezing of the funds in certain deposit accounts held at Community Bank.

In its motion for summary judgment, the FDIC asserts that Altaf has failed to produce any competent summary judgment evidence of a fiduciary duty owed to him by Huntsville. After reviewing the file, the Court agrees. In the absence of such evidence, the FDIC is entitled to summary judgment on Altaf's breach of fiduciary duty allegation. In addition, the Court adopts the Magistrate's finding that Altaf has failed to establish the required elements of his conspiracy, fraud, and tortious interference with contract allegations. For the reasons outlined in the Magistrate's recommendation, the FDIC is entitled to summary judgment on Altaf's affirmative allegations against Huntsville.

### II. FAYAZ FAIZ' MOTION FOR SUMMARY JUDGMENT

Fayaz Faiz ("Faiz") has filed a motion for summary judgment on Altaf's allegations against him.

In his supplemental cross-action, Altaf alleges that each borrower agreed to: pay a portion of the purchase price of the stock, execute a promissory note to Huntsville, and pledge his stock as collateral. According to Altaf, this agreement constituted an oral contract or a *de facto* partnership. Altaf alleges that Faiz and other borrowers "breached their contractual and fiduciary duties to Cross–Plaintiff [Altaf] by failing to satisfy the terms of the indebtedness to Huntsville National Bank."

Altaf also alleges that the borrowers were negligent in failing to take all necessary steps to protect their interest in the collateral. Altaf seeks damages in the amount of his interest in the collateral stock as well as indemnification and contribution in the event he is found liable for the balance owed on the note.

The Court adopts the Magistrate's finding that Altaf had failed to present competent summary judgment evidence to support his allegations. There is no evidence of a contract between Altaf and the borrowers which would give rise to a fiduciary or contractual duty. In the event Altaf's allegations involve an oral contract, Altaf fails to provide any legal or factual authority to support his claim. Faiz is therefore entitled to summary judgment on Altaf's claims against him.

### III. DOUGLAS GOERNER'S MOTION FOR SUMMARY JUDGMENT

Douglas Goerner, a director of Community Bank, N.A., has filed a motion for summary judgment.

In his lawsuit against the officers and directors of Community Bank, Altaf alleges that the officers engaged in fraud, conspiracy, intentional interference with business relationship, conversion, and defamation. Altaf's allegations are based on the foreclosure of the collateral stock and the alleged conversion of certain deposit accounts held in Community Bank. Altaf alleges he owned or controlled the accounts at the time the funds were frozen.

The Court adopts the Magistrate's finding that Altaf's fraud allegation against Goerner lacks merit. Altaf alleges that Goerner defrauded him by withdrawing money from accounts over which Altaf ex-

ercised control. In the absence of an allegation or evidence that Goerner made a misrepresentation involving the funds, Goerner is entitled to summary judgment on this claim. Altaf has also failed to present any competent summary judgment evidence to support his conspiracy allegation. In the absence of evidence of an agreement or understanding to cause harm to Altaf, Altaf's conspiracy allegation lacks merit.

■ Regarding Altaf's intentional interference with contractual relations claim, the Court adopts the Magistrate's finding that Altaf has failed to provide evidence of a contract subject to interference. Altaf, who was the chief operating officer of Community Bank, appears to allege that Goerner interfered with the contractual relations between Altaf and bank depositors or Altaf and other borrowers. Despite his allegations, Altaf fails to provide evidence that such a contract existed between the parties. In addition, there is no evidence before the Court that Goerner was individually involved in the alleged interference.

■ In his recommendation, the Magistrate finds that Altaf's conversion claim lacks merit for the following reasons: (1) Altaf lacks "standing" to allege conversion because he has failed to establish his ownership of the funds; (2) Altaf did not have a right to immediate possession of the funds at the time of the alleged conversion; and (3) Huntsville and subsequently the FDIC came into lawful possession of the funds when the government froze the accounts pending its investigation of a money laundering scheme. The Court adopts the Magistrate's reasons for finding that Goerner is entitled to summary judgment on Altaf's conversion allegation.

■ Finally, the Court adopts the Magistrate's finding that Altaf's defamation allegation lacks merit. Altaf has failed to present any evidence of publication, a required element of a slander cause of action. *Reicheneder v. Skaggs Drug Center,* 421 F.2d 307 (5th Cir.1970). Goerner is therefore entitled to summary judgment on Altaf's defamation allegation. For the reasons above, the Court adopts the recommendation issued by Magistrate Judge Botley on January 6, 1992. Pursuant to that order, the Court hereby

ORDERS that the FDIC's motion for summary judgment (entry # 71) is GRANTED. The Court further

ORDERS that Fayaz Faiz' motion for summary judgment (entry # 68) is GRANTED. The Court further

ORDERS that Douglas Goerner's motion to dismiss or in the alternative motion for summary judgment (entry # 70) is GRANTED.

## MEMORANDUM AND RECOMMENDATIONS

BOTLEY, United States Magistrate Judge.

Pending before the Court is Plaintiff and Third–Party Defendant Federal Deposit Insurance Corporation's, in its capacity as receiver of Huntsville National Bank, Motion for Summary Judgment (# 71), Fayaz Faiz' Motion for Summary Judgment (# 69), and Defendant Douglas Goerner's Motion to Dismiss or in the Alternative for Summary Judgment (# 70).

### *Responses to Summary Judgment Motions*

The Federal Deposit Insurance Corporation ("FDIC") has filed a Motion for Summary Judgment (# 71) to recover the deficiency on a promissory note from Altaf Adam ("Altaf"), Fayaz Faiz ("Fayaz"), and Khaleel Rahman ("Khaleel"). To date, neither of the three defendants has filed a response to the motion. Therefore, if the FDIC can provide competent evidence to demonstrate that no genuine issues of material fact exist in this case, with the appropriate legal authority in support, the Court should find that the FDIC is entitled to prevail on its motion for summary judgment. Although he did not file a response in opposition to the FDIC's summary judgment motion, Altaf has filed responses in opposition to the summary judgment motions of Fayaz and Douglas Goerner.

## I. UNDISPUTED FACTS

This is an action filed by the Plaintiff and Third–Party Defendant FDIC, in its capacity as receiver of Huntsville National Bank, to recover the deficiency which resulted from the foreclosure on a $1,000,000.00 promissory note issued on or about June 21, 1985, by the Huntsville National Bank to Altaf Adam, Taufig Adam, Kadir Adam, Arif ("Arif") Adam, Khaleel Rhaman, Fayaz Faiz, Samier Aziz, and Robert Gustavson (hereinafter "the Adam Group"). The Adam Group acquired the loan to finance their purchase of approximately 70% of the stock in Community Bank, N.A. ("Community Bank"). As security for the $1,000,-000.00 debt, the Adam Group pledged the approximately 70% stock interest owned in Community Bank.

As one of the new majority owners of Community Bank, Altaf became the Chief Financial Officer of the Bank. As the Chief Financial Officer, Altaf was required to, among other things, file Cash Transaction Reports with the United States Treasury Department, identifying those cash transactions conducted by Community Bank, which were in excess of $10,000.00. Altaf failed to report several transactions and on or about March 27, 1987, Altaf was arrested and indicted for conspiring to defraud the United States of America and knowingly failing to file cash reports of domestic transactions (United States of America v. Altaf Adam, Cause Number H–87–00104–S–01). Subsequently, on February 7, 1989, Altaf was convicted and sentenced for the same criminal offenses.

In January, 1989, one month prior to Altaf's conviction, Community Bank was closed by the Office of Comptroller of Currency as a result of mismanagement. One form of mismanagement was a failure to maintain a satisfactory capital ratio. In the loan agreement to the Adam Group, Huntsville National Bank provided that it could demand payment on the entire loan if the capital ratios were to become unsatisfactory. On May 22, 1987, after proper notice, the Huntsville National Bank foreclosed on the stock used by the Adam Group to secure the $1,000,000.00 debt.

The foreclosure was the result of provisions in the loan agreement which permitted Huntsville National Bank to demand payment of the entire loan if the Community Bank was not managed in a prudent manner.

### Suit Initiated by Huntsville National Bank in Walker County

The instant law suit is actually a consolidation of several lawsuits involving related issues which developed from the same nucleus, the foreclosure on the promissory note. Several of the lawsuits were filed in state court and later removed to this Court when the FDIC became the receiver for the Huntsville National Bank.

The first suit began prior to June 8, 1988, when Huntsville National Bank sued Altaf and the other members of the Adam Group in the 12th Judicial District Court of Walker County, Texas, to collect the deficiency on the promissory note. However, only Altaf, Fayaz and Khaleel were served. The other members of the Adam Group, save Arif, are Pakistani nationals who are domiciled in Pakistan and on whom service was not perfected. Arif subsequently declared and filed for bankruptcy under the Bankruptcy Code, and is no longer an active defendant.

After the Huntsville National Bank failed, the note and the right to the deficiency were sold to the FDIC. The FDIC intervened in the proceedings of the 12th Judicial District Court and then removed the case to this Court.

### Suit Initiated by Altaf Adam and Arif Adam in Walker County

In a counter-suit by Altaf and Arif against the Huntsville National Bank in the 12th Judicial District Court of Walker County, Altaf and Arif claimed that they had been harmed in the foreclosure on the stock as well as in other actions taken by the Huntsville National Bank. These claims became claims against the FDIC when the Huntsville National Bank failed, and the FDIC removed the case, after it was consolidated with the action com-

menced by the Huntsville National Bank to recover on the note, to this Court.

### Suit Initiated by Altaf Adam in Harris County

On January 31, 1990, Altaf brought suit against Huntsville National Bank, Malcom Cook, T.W. Keeland, Thomas Keeland, Douglas Goerner, Bob Vest, and William Dean in the 165th Judicial District Court of Harris County, Texas. Altaf charged that certain accounts held in the Community Bank which were "controlled" by him, were converted. Altaf also complained of breaches of unspecified fiduciary duties and of a conspiracy. Only Malcom Cook, T.W. Keeland and Doug Goerner appeared in the case.

The suit was then consolidated with the Walker County suit initiated by Huntsville National Bank. Furthermore, after the failure of the Huntsville National Bank, claims against the Huntsville National Bank became claims against the FDIC. The FDIC then removed the case to this Court.

### Suit Initiated by Altaf Adam in this Court

In Cause Number H–91–0467, styled *Altaf Adam v. Community Bank*, Altaf filed suit against the Community Bank. That action has been consolidated with Cause Number H–89–0654, styled *Community Bank v. Altaf Adam, et al.*, and is now pending before the Judge Kenneth Hoyt. Those consolidated cases involve the ownership of deposit accounts which Altaf claims there was a conspiracy to deprive him of. Altaf has not established that he is the owner of those accounts, yet in this action seeks damages from the Huntsville National Bank based upon a conspiracy to deprive him of the deposits in those accounts.

### II. SUMMARY JUDGMENT STANDARD

Fed.R.Civ.P. 56(c) provides that:
"[summary] judgment shall be rendered forth with if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

A party seeking summary judgment bears the initial burden of informing the Court of the basis for the motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party has the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir.1988). A defendant who moves for summary judgment may rely on the absence of evidence to support an essential element of the plaintiff's case. *International Association of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Manufacturing Company*, 812 F.2d 219, 222 (5th Cir.1987).

The burden of proof shifts to the non-movant to show that a summary judgment should not be granted, once the movant has shown that no genuine issue of material fact exists. *Celotex*, 477 U.S. at 322–325, 106 S.Ct. at 2552–54. A party opposing a summary judgment may not rest upon mere allegations or denial of his pleading, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The evidence submitted by the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 254–255, 106 S.Ct. at 2513. The inferences to be drawn must be viewed in a light most favorable to the party opposing the motion. *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–590, 106 S.Ct. 1348, 1356–58, 89 L.Ed.2d 538 (1986).

*Altaf's Conspiracy Claim*

Unwritten agreements may not be used for the purpose of evading the facially effective provisions of a promissory note. *D'Oench, Dume & Co. v. Federal Deposit Insurance Corporation*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). However, Altaf claims that there was a conspiracy and related agreement between Huntsville National Bank and the Third-party defendants, Huntsville National Bank, Malcom Cook, T.W. Keeland, Thomas Keeland, Bob Vest, Jerry Evans, William Dean and Douglas Goerner, to withhold information from Altaf and others, and to release the deposit accounts which Altaf loosely claims (without legal proof) control and ownership of despite the fact that the accounts were in the names of persons other than Altaf Adam. This "agreement" of which Altaf complains, is not substantiated by written evidence and is therefore barred from consideration pursuant to the D'Oench Dume Doctrine. *D'Oench, Dume & Co.*, 12 U.S.C. § 1823(e), or 12 U.S.C. § 1821(d)(9)(A). Accordingly, the FDIC is entitled to summary judgment in its favor on the issue of Altaf's alleged conspiracy claim.

*Altaf's Fraud Claim*

As part of his conspiracy claim, Altaf charges that there was fraud by the Huntsville National Bank. Actionable fraud is predicated on elements of misrepresentation, falsity, deception, scienter, and injury. *Keasler v. Natural Gas Pipeline Co. of America*, 569 F.Supp. 1180, (E.D. Tex. 1983), aff'd. 741 F.2d 1380 (5th Cir.1984). Altaf's claims of fraud concern actions of Community Bank in allowing inspection of the books of Community Bank during the period before Huntsville National Bank foreclosed on the Community Bank stock, as well as an alleged failure of Huntsville National Bank to notify him that other directors of Community Bank were indebted to Huntsville National Bank as he was. It is inconceivable based upon these abstract charges that Huntsville National Bank owed a duty to notify Altaf of the indebtedness of the other Community Bank directors. If there was no duty to provide this information, then silence by the Huntsville National Bank could not amount to fraud as is claimed by Altaf. Accordingly, FDIC is entitled to summary judgment in its favor on the issue of Altaf's alleged fraud claim.

*Altaf's Claim of Wrongful Interference with Depository Contracts*

In continuing along his misguided path of haphazard charges, claims and misunderstandings of the application of law, Altaf asserts that Huntsville National Bank wrongfully interfered with deposit accounts, ownership of which is currently pending before Judge Kenneth Hoyt, (Cause Number H–89–0654). Altaf has not provided evidence that establishes that he has any ownership in the deposit accounts entitling him to recover for his alleged wrongful interference. Absent such a right, Altaf cannot recover for wrongful interference. On this issue, the FDIC is also entitled to prevail.

*Altaf's Damages Resulting from the Disposition of the Collateral Stock*

Altaf next claims that he was damaged by Huntsville National Bank's attempts to sell the collateral stock after the foreclosure. Altaf, again without written documentation to support his charges, alleges damages from the attempted sale of the collateral stock to third parties. Altaf charges that the attempted sale was unreasonable, but he fails to substantiate his claim. The collateral stock was eventually sold at a public sale for the sum of $525,-000.00. Absent evidence to the contrary, the sale of the collateral does not in and of itself entitle Altaf to unknown damages. The FDIC is therefore entitled to summary judgment on this issue as well.

*Recovery from Fayaz Faiz and Khaleel Rahman*

Fayaz and Khaleel have not responded to the FDIC's motion for summary judgment, however, in their answer to Huntsville National Bank's Original Petition in the 12th

Judicial District Court of Walker County, Texas, Fayaz and Khaleel admit they executed the note, but in defense argue that Altaf misrepresented to them that a "holding company" would be formed after the acquisition of the Community Bank stock, which would become liable for the debt. This potential misrepresentation is not a defense to the FDIC's recovery on the note. Next, Fayaz and Khaleel charge that they did not receive adequate notice that the loan was being foreclosed. The FDIC has attached a copy of the loan agreement which clearly states that Altaf Adam was the designated as the only borrower who would receive notice of default. Accordingly, the FDIC is entitled to recover the deficiency from the Fayaz and Khaleel.

### Amount Due Under the Terms of the Note

In support of its motion for summary judgment, the FDIC attaches an affidavit of John Shipp, a liquidation assistant of the FDIC, establishing that after the sale of the collateral, the amount due under the note, was $535,876.74, which includes interest on the principal of $1,000,000.00 through May 22, 1987, of $12,876.74, plus attorneys' fees paid by Huntsville National Bank of $48,000.00. The affidavit further states that there have not been any payments on the above amount since the failure of the Huntsville National Bank. Consequently, the FDIC is entitled to the $535,876.74 deficiency.

### Altaf's Charges Against Fayaz

In his action against Fayaz, Altaf charges Fayaz with breach of contract and breach of fiduciary duties. Additionally, Altaf seeks contribution and indemnification from Fayaz.

The breach of contract claim and breach of fiduciary duty claims both arise from the foreclosure on the promissory note. In his very confused complaint, Altaf discusses an *oral* agreement amongst the Adam Group wherein each investor would purchase a specific number of shares. Altaf complains that Fayaz and others breached their contractual duty to satisfy their debt

to Huntsville National Bank. Altaf does not state if this alleged breach of contract is based upon the *oral* contract allegedly agreed to by Fayaz, or the *written* loan agreement between the Adam Group and Huntsville National Bank. In his response to Fayaz' motion for summary judgment, Altaf does not mention any oral contract, rather Altaf claims that he was damaged by Fayaz's refusal to pay the promissory note. Altaf claims that he invested a greater amount of cash than did Fayaz and because Altaf's losses are greater he is entitled to damages. Untrue. It is arguable at best that Altaf has stated a cause of action for which relief can be granted. Even if he has, Altaf has not provided sufficient evidence to prevent Fayaz' motion for summary judgment. Altaf has only set forth mere allegations without specific facts and has not met his burden of substantiating his claims to prohibit the granting of a summary judgment in favor of Fayaz.

Altaf also seeks contribution and indemnity from Fayaz, but in Texas, no action for contribution and indemnity lies against a party who has no liability to the injured party. *ECC Parkway Joint Venture v. Baldwin,* 765 S.W.2d 504 (Tex.App.—Dallas 1989, writ denied). On this issue, Fayaz is entitled to summary judgment in his favor.

### Charges Against Douglas Goerner

Altaf charges Douglas Goerner with conversion, fraud, conspiracy, defamation, and tortious interference with a contract. On the conversion claim, Altaf has not demonstrated that he is the owner of the deposit accounts which he claims were converted. Therefore, Altaf cannot maintain an action for conversion.

On the fraud claim, under Texas law, each of the elements of fraud—(1) making of a material representation, (2) the representation was false, (3) the maker of the representation knew the representation was false or made it recklessly without regard for the truth, (4) the speaker made the representation with the intent that it be acted on by the other party, (5) the other

party acted in reliance upon the representation, and (6) the party thereby suffered and injury—must be established in order for there to be recovery. *Stone v. Lawyers Title Insurance Corporation*, 554 S.W.2d 183, 185 (Tex.Sup.1977); *Moore & Moore Drilling Company v. White*, 345 S.W.2d 550, 555 (Tex.Civ.App.—Dallas 1961, writ ref. n.r.e.). Altaf merely alleges that money was withdrawn from his account. Altaf has therefore failed to provide sufficient facts to demonstrate fraud by Goerner.

Altaf claims a conspiracy, but an actionable civil conspiracy is an agreement by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Schlumberger Well Sur., Corp. v. Nortex Oil and Gas, Corp.*, 435 S.W.2d 854, 856 (Tex.1968). Altaf claims that there was a conspiracy to commit harm with the harm being the hindering of Altaf from the withdrawal of money from his account in Community Bank. Again Altaf does not provide proof to substantiate his allegations.

On the defamation charge, one of the critical elements of defamation is publication. *Reicheneder v. Skaggs Drug Center*, 421 F.2d 307, 311–312 (5th Cir.1970). Altaf fails to prove this element, and therefore cannot maintain an action for defamation.

Finally, to maintain a cause of action for tortious interference with contractual relations, evidence must be shown of the existence of a contract that is subject to the alleged interference. *Guynn v. Corpus Christie Bank and Trust*, 589 S.W.2d 764, 770 (Tex.Civ.App.—Corpus Christi, writ dismissed, 1979). In his complaint, Altaf fails to specify which contract or contracts were interfered with by Goerner. Interference if any, resulted from the proper foreclosure by Huntsville National Bank on the stock owned by Altaf and the Adam Group when they defaulted on the promissory note. Accordingly, Goerner is entitled to summary judgment against Altaf.

## III. CONCLUSION AND RECOMMENDATIONS

As previously stated, this action was filed by the Plaintiff and Third-Party Defendant Federal Deposit Insurance Corporation, in its capacity as receiver of Huntsville National Bank, to recover from Fayaz Faiz, Khaleel Rahman and Altaf Adam, jointly and severally, the deficiency resulting from the foreclosure on a $1,000,000.00 promissory note issued on or about June 21, 1985. Having met its burden establishing that there is no genuine issue of material fact as to Altaf Adam only, the FDIC is entitled to judgment as a matter of law. It is therefore

RECOMMENDED that the Federal Deposit Insurance Corporation in its corporate capacity, have judgment against Altaf Adam, Fayaz Faiz, and Khaleel Rahman in the sum of $535,876.74, together with interest at the rate of 18% per annum, commencing on May 22, 1987, and continuing until the date of judgment, and thereafter at the rates established by statute. It is further

RECOMMENDED that the Federal Deposit Insurance Corporation in its corporate capacity, have a take-nothing judgment against the claims raised by Altaf Adam, Fayaz Faiz, and Khaleel Rahman. It is further

RECOMMENDED that Fayaz Faiz' Motion for Summary Judgment (# 69) be granted. It is further

RECOMMENDED that Defendant Douglas Goerner's Motion to Dismiss or in the Alternative for Summary Judgment (# 70) be granted.

The Clerk will file this instrument and transmit a copy to each party or counsel. Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days after the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

DONE at Houston, Texas, this the 6th day of January, 1992.

## FINAL JUDGMENT OF THE DISTRICT COURT

For the reasons stated in the Court's orders dated March 27, 1992 and June 8,

1992 the Court hereby enters judgment as follows:

1. The Federal Deposit Insurance Corporation shall recover $535,876.74 plus interest and attorneys' fees, as provided in the promissory note, jointly and severally from Altaf Adam, Khaleel Rhaman and Fayez Faiz;

2. Altaf Adam shall take nothing on his claims against the Federal Deposit Insurance Corporation;

3. Altaf Adam shall take nothing on his claims against Fayez Faiz;

4. Altaf Adam shall take nothing on his claims against Douglas Goerner;

5. Altaf Adam shall take nothing on his claims against Thomas Keeland.

This is a FINAL JUDGMENT.