**UNITED STATES of America**

v.

**Kathleen F. DAVIS.**

No. 4:00–CV–0539–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

April 9, 2001.

Diane M. Kozub, Attorney at Law, U.S. Attorney's Office, Fort Worth, TX, for plaintiff.

Kathleen F. Davis, Arlington, TX, pro se.

### *MEMORANDUM OPINION AND ORDER*

MAHON, District Judge.

Now pending before the Court is a Motion for Summary Judgment ("Motion") filed by Plaintiff, the United States of America ("the Government"). Defendant, Kathleen F. Davis ("Davis"), has responded in opposition, and the Government has filed a reply brief. After considering the motions and arguments of the parties, the record before the Court, and the applicable law, the Court makes the following determinations.

### I. *BACKGROUND*

On October 21, 1982, Davis executed a $2500 promissory note to secure a student loan from HELP–Kansas at an interest rate of 9.00 percent per annum. This loan was guaranteed by the Higher Education Assistance Foundation (HEAF) and reinsured by the United States Department of Education under loan guaranty programs

authorized by Title IV–B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.*

Before her first payment became due on July 20, 1983, Davis requested and received a forbearance of payments until December 20, 1983. Davis subsequently received another forbearance until March 20, 1984, and a deferment from March 21, 1984, to September 20, 1984. Davis's first payment on the loan became due on October 20, 1984. Davis failed to make her payment, and defaulted on the loan.

After Davis's default, HEAF paid a claim of default under its guaranty, and subsequently assigned all right, title, and interest in the note to the Department of Education in 1993. The Department of Education has received a total of $2,663.56 in payments on Davis's loan since its assignment, but an outstanding amount of $4,058.42 remained due on the loan as of January 11, 2001, with interest accruing on the principal at the rate of $0.70 per day.

Davis filed a Chapter 7 bankruptcy petition on August 28, 1989. Although Davis's debts were discharged on January 4, 1990, the bankruptcy court's discharge order specifically excluded debts that were nondischargeable pursuant to Section 523(a)(8) of the Bankruptcy Code.

The Government filed its Complaint in this matter on June 21, 2000, alleging that Davis had failed to repay her student loan. Davis asserts that since her loan first became due more than five years before the filing of her bankruptcy petition, the loan was discharged in bankruptcy pursuant to Section 523(a)(8).

## II. SUMMARY JUDGMENT STANDARDS

Summary Judgment is proper when the record establishes that no genuine issue as to any material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Hill v. London, Stetelman, & Kirkwood, Inc.,* 906 F.2d 204, 207 (5th Cir.1990). The evidence in the record is to be viewed in the light most favorable to the nonmoving party. *See Newell v. Oxford Management Inc.,* 912 F.2d 793, 795 (5th Cir.), *reh'g denied,* 918 F.2d 484 (1990); *Medlin v. Palmer,* 874 F.2d 1085, 1089 (5th Cir.1989).

In order to prevail on a motion for summary judgment, the moving party has the initial burden of demonstrating that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Williams v. Adams,* 836 F.2d 958, 960 (5th Cir.1988); Fed.R.Civ.P. 56(c). The party moving for summary judgment need not produce evidence showing the absence of a genuine issue of material fact with respect to an issue on which the nonmoving party bears the burden of proof. *See Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548. Rather, the party moving for summary judgment need only show that the party who bears the burden of proof has adduced no evidence to support an element essential to its case. *See id.; Teply v. Mobil Oil Corp.,* 859 F.2d 375, 379 (5th Cir.1988). If the movant bears the burden of proof on a claim or defense, he must establish all elements of the claim or defense to prevail on summary judgment. *See U.S. v. Home Health Agency, Inc.,* 862 F.Supp. 129, 133 (N.D.Texas 1994) (Mahon, J.); *Western Fire Insurance Co. v. Copeland,* 651 F.Supp. 1051, 1053 (S.D.Miss.1987), *aff'd,* 824 F.2d 970 (5th Cir.1987).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent

summary judgment evidence showing the existence of a genuine fact issue. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson*, 477 U.S. at 257, 106 S.Ct. 2505. In order to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. Rule 56(e) requires that the nonmoving party "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505.

In making its determination on the motion, the Court must look at the full record including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. *See Williams*, 836 F.2d at 961. All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion and any doubt must be resolved in their favor. *See Matsushita*, 475 U.S. at 587–90, 106 S.Ct. 1348; *Meyers v. M/V Eugenio*, 842 F.2d 815, 816 (5th Cir.1988). The Court's function, however, is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

### III. *DISCUSSION*

▮ Lawsuits involving promissory notes are particularly suited for disposition by summary judgment. *See United States v. Chumbley*, 2000 WL 1010673 at *2 (N.D.Tex.2000); *United States v. Cunningham*, 1999 WL 1120771 at *2 (N.D.Tex.1999). The Government is entitled to summary judgment in this case if it can establish that: (1) Davis executed the note; (2) the Government is the present owner or holder of the note; and (3) the note is in default. *See Federal Deposit Ins. Corp. v. McCrary*, 977 F.2d 192, 194 n. 5 (5th Cir.1992); *see also Chumbley*, 2000 WL 1010673 at *2.

There is no dispute between the parties that Davis executed the note at issue in this case. *See* Pl.'s Br. in Supp. of Mot. for Summ. J. at 5–6; Def.'s Resp. to Pl.'s Mot. for Summ. J. at 1 ("Defendant acknowledges that she executed a note in the amount of $2,500.00 for a student loan guaranteed by the United States ...."). In addition, the Government has presented uncontroverted evidence that it is the holder and owner of the note. *See* App. in Supp. of Pl.'s Mot. for Summ. J. at 3–4, 44 (Cummins Decl. and Certificate of Indebtedness).

Davis does, however, raise an objection to the Government's contention that the note she executed is in default, arguing that the student loan debt was discharged in her Chapter 7 bankruptcy. Davis asserts that because the Government cannot provide signed proof that she requested a deferment of the loan until September 1984, the Court must conclude that the loan first became due more than five years before her bankruptcy filing, a conclusion that would discharge the debt pursuant to Section 523(a)(8)(A) of the Bankruptcy Code.

Section 523(a) of the Bankruptcy Code states, in relevant part:

(a) A discharge under ... this title does not discharge an individual debtor from any debt—

   .      .      .      .      .

(8) for an educational loan made, insured, or guaranteed by a governmental unit ... unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition....

11 U.S.C. § 523(a). Despite Davis's claim that there is no proof that her loan pay-

ments were deferred until September 1984, the Government has provided sufficient evidence demonstrating that Davis did indeed request and was granted a deferment of payments on her debt until that time. This evidence includes a copy from microfiche of a "Request for Deferment of Payment Due to Unemployment" signed by Davis, and "Servicing History Comment Overflow" records prepared by Davis's loan servicing company that document the approval of Davis's deferment request on May 31, 1984.[1] *See* App. in Supp. of Pl.'s Mot. for Summ. J. at 15, 21. Davis neither denies that she executed the deferment request nor disputes the authenticity of the Government's proffered evidence, and thus fails to create a genuine issue of material fact on this issue. *See Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348 (on motion for summary judgment, the "opponent must do more than simply show ... some metaphysical doubt as to the material facts."). Accordingly, the Court finds that because Davis's first payment on her student loan debt was deferred until September 1984—less than five years before the filing of her bankruptcy petition in August 1989—her loan was not discharged in the bankruptcy proceedings pursuant to Section 523(a) of the Bankruptcy Code, and is currently in default.

In summary, the Government has met its summary judgment burden by putting forth evidence sufficient to satisfy each of the three elements of its case. Davis has failed to offer any evidence to the contrary. Thus, the Government's Motion for Summary Judgment is hereby GRANTED. Counsel for the Government shall submit a form of judgment consistent with the foregoing within fifteen days of this date.

IT IS SO ORDERED.

---

1. Davis has not raised any objection to the admissibility of either document, and the Court finds that the Government has successfully authenticated each document pursuant to Federal Rules of Evidence 901 and 902. Because Davis has failed to challenge the authenticity of her signature on the "Request for Deferment," and the signature is presumed to be authentic under the provisions of Texas Business and Commerce Code § 3.308(a), the document is self-authenticating pursuant to Federal Rule of Evidence 902(9). The Court also notes that additional support for the authenticity of the "Request for Deferment" is provided by Janet Cummins–Nori, a senior loan analyst with the Department of Education, in a Declaration submitted to the Court. *See* Nori Decl., attached as Ex. A to App. in Supp. of Pl.'s Reply to Def.'s Resp. to Mot. for Summ. J., at ¶ 6.

The Court is likewise satisfied with the authenticity of the "Servicing History Comment Overflow" records submitted by the Government. The declaration prepared by Ms. Cummins–Nori to support the authenticity of the "Servicing History" records is "evidence sufficient to support a finding that the matter in question is what its proponent claims," as required by Federal Rule of Evidence 901(a). *See* Cummins Decl., attached as Ex. A to App. in Supp. of Pl.'s Mot. for Summ. J., at ¶ 4.