Glenn NEWELL, et al., Plaintiffs,

v.

OXFORD MANAGEMENT,
INC., Defendant,

Julius L. LEVY, Jr. & Glenn Newell,
Plaintiffs–Cross
Defendants–Appellants,

v.

FSLIC as Receiver for Northlake Federal Savings & Loan Association,
Intervenor–Cross–Claimant–Appellee.

FSLIC, Receiver a/k/a Northlake Federal Savings & Loan Association,
Plaintiff–Appellee,

v.

Raymond F. KIDD, Jr., Defendant,

William C. Terral, Defendant–Appellant.

No. 90–3017
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 1990.

Louis R. Koerner, Jr., New Orleans, La., for appellants.

Robert P. Roberts, New Orleans, La., for appellees.

Before KING, GARWOOD, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

The record discloses the following undisputed facts necessary to resolve this matter:

Northlake Federal Savings & Loan Association ("Northlake") agreed to lend L & B Jackson's Landing, a Louisiana partnership in Commendam, ("Partnership") $2,528,000 to acquire and operate an apartment complex. Partnership was formed by the sale of limited partnership interests for a minimum of $60,000; $1,800 of this amount was paid in cash and the balance of $58,200 was represented by the limited partners' promissory notes to the order of Partnership. Northlake's loan to Partnership was secured by Partnership's promissory note, a collateral mortgage on the apartment complex, pledge and assignment of twenty-seven specifically enumerated limited partner notes held by Partnership, and a guaranty of the limited partners' notes by Latter & Blum, Inc., a real estate firm.

After closing the Northlake–Partnership loan and acquiring the complex, appellants Newell, Levy, Terral, and others became limited partners in Partnership and gave Partnership their promissory notes.

Partnership defaulted on the Northlake note and filed for relief under Chapter 11 of the Bankruptcy Code. Several months later, the Federal Savings & Loan Insurance Corporation ("FSLIC") was appointed receiver of Northlake. Northlake/FSLIC and Partnership compromised Partnership's debt to Northlake/FSLIC (subject to approval of the Bankruptcy Court) by agreeing that all limited partner notes of Partnership would be assigned by it to Northlake and Northlake would release all claims against Partnership, its apartment complex, and its general partners other than claims on certain promissory notes not at issue here. A joint motion for approval of the compromise was filed and granted, and the bankruptcy court ordered Partnership to deliver to Northlake/FSLIC "possession, ownership, custody and control of all promissory notes payable to Debtor and pledged to Northlake."

Several months later the president of one of the general partners of Partnership found ten additional promissory notes of Partnership's limited partners (including the notes of Newell, Levy, and Terral) in Partnership's file. After consultation with the president of the other general partner and with Partnership's counsel, and believing that the ten notes were subject to the original pledge and assignment agreement and intended to be part of the settlement with Northlake/FSLIC, he delivered the ten notes to Northlake/FSLIC. Partnership then notified the limited partners, including appellants herein, of the assignment and delivery of their notes to Northlake/FSLIC.

Later the bankruptcy court dismissed Partnership's Chapter 11 proceeding in its entirety. Meanwhile the notes of Newell, Levy, and Terral had become due and Northlake/FSLIC demanded payment. Payment was not made. The balance remaining due on Partnership's debt to Northlake/FSLIC was in excess of $2,500,-000 and the district court granted summary judgment in favor of Northlake/FSLIC and against Newell, Levy, and Terral for the amounts due on their notes.

The district court found that the undisputed facts showed that appellants' notes were included in the original pledge agreement and that, in the alternative, Northlake/FSLIC was at least a transferee under La.Rev.Stat.Ann. Title 10:3–201 (West 1989); and none of the defenses available against a transferee pursuant to La.Rev.Stat.Ann. 10:3–306 (West 1989) were applicable.

Appellants contend that their notes were not specifically included by description in or delivery with the original pledge agreement and are, therefore, excluded; and that Northlake/FSLIC is neither a transferee nor a holder nor a holder in due course. As a result appellants contend Northlake/FSLIC is only a possessor of their notes and cannot recover thereon.

Finding that the district court was correct and that no issues of fact exist, that as a matter of law Northlake/FSLIC is a transferee pursuant to Title 10:3–201 of the La.Rev.Stat., and that no defenses outlined in Title 10:3–306 are urged, we affirm. This holding makes it unnecessary to consider appellants' other arguments.

## DISCUSSION

Summary judgment is appropriate under Fed.R.Civ.P. 56 if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In reviewing the summary judgment, we apply the same standard of review as did the district court. *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 548 (5th Cir.1989). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, *cert. denied*, 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1986). To that end we must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, *cert. denied*, 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1986); *see Boeing Company v. Shipman*, 411 F.2d 365, 374-75 (5th Cir.1969) (en banc).

La.Rev.Stat.Ann. Title 10:1-201 (West 1989) defines "holder" as "a person who is in possession of ... an instrument ... drawn [or] issued ... to him or his order." Appellants' notes were drawn to the order of Partnership. It was therefore a "holder."

That same section defines "delivery" as "voluntary transfer of possession." The undisputed evidence shows transfer of possession of appellants' notes and the seven others by Partnership to Northlake/FSLIC after approval of the compromise by the bankruptcy court. Thus Northlake/FSLIC became, at minimum, a transferee of the notes.

La.Rev.Stat.Ann. Title 10:3-201 (West 1989) provides that "transfer of an instrument vests in the transferee such rights as the transferor has therein." Thus Northlake/FSLIC acquired all rights of Partnership in the notes, including the right to collect when due. Transfer for value is not required. La.Rev.Stat.Ann. 10:3-201, Comment, paragraph 1. Neither is endorsement required. *Vidrine v. Carmouche*, 422 So.2d 1327 (La.Ct.App.1982).

Appellants do not contest the validity of their notes, nor that they are due and payable, nor the amounts due thereunder. Therefore, there is no issue of material fact that Northlake/FSLIC became transferee of appellants' notes when the notes were delivered to it and was entitled to judgment thereon as a matter of law when the notes became due and owing and were not paid. Having so held, we find it unnecessary to address appellants' other contentions.

The judgment of the district court is AFFIRMED.