IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 95-31299
Summary Calendar


JOHN GARNER; JOAN GARNER; MARGARET GARNER,

                                        Plaintiffs-Appellants,


versus

EDWARD ENGOLIO, Judge, 18th JDC, ET AL.,

                                        Defendants,

JAY C. PENNINGTON, Director of
Greenwell Springs Hospital, ET AL.,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 91-CV-883
- - - - - - - - - -
July 15, 1996

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

    The Garners assert that the district court erred in granting

summary judgment in favor of defendants Pennington, Mendoza, and

Patin.  The Garners do not challenge the district court's

judgment with respect to defendant Landry.  This court reviews

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

the district court's grant of summary judgment de novo.  Weyant v. Acceptance Ins. Co., 917 F.2d 209, 209-12 (5th Cir. 1990).

The district court did not err in considering the discovery depositions in granting summary judgment because all inferences were drawn in the light most favorable to the Garners.  Newell v. Oxford Management, Inc., 912 F.2d 793, 795 (5th Cir. 1990).

The Garners have not produced any evidence to create a genuine issue of fact that either Pennington, Mendoza, or Patin is not entitled to qualified immunity.  The Garners did not show that any of the defendants violated a clearly established constitutional right.  Siegert v. Gilley, 500 U.S. 226, 232 (1991).

With respect to Patin, the Garners did not allege a constitutional violation, rather they simply asserted a state law tort.  Harper v. Harris County, Tex., 21 F.3d 597, 600 (5th Cir. 1994).  With respect to Pennington and Mendoza, the Garners have not rebutted the summary judgment evidence showing that both Pennington and Mendoza personally examined Joan before certifying her as gravely disabled.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

AFFIRMED.