Keith and Grace MAYS

v.

STATE FARM LLOYDS

No. CIV.A.4–99–CV–760–Y.

United States District Court,
N.D. Texas,
Fort Worth Division.

April 28, 2000.

Terrence Patrick Sheehan, Law Offices of Terrence P. Sheehan, Dallas, TX, for Plaintiffs.

Michael W. Minton, Renwick & Pierret, Arlington, TX, for Defendants.

*ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

MEANS, District Judge.

Pending before the Court is defendant State Farm Lloyds's Motion for Summary Judgment, filed February 1, 2000 [doc. # 13–1]. Having carefully considered the motion, response, and reply, the Court finds that the motion should be GRANTED.

## I. FACTS

Plaintiffs, Keith and Grace Mays, initiated this action against defendant State Farm Lloyds under their homeowner's insurance policy ("the Policy"). Plaintiffs allege that their home suffered structural damage from foundation movement resulting from plumbing leaks. They assert that Defendant wrongfully denied their claim. In addition to their claim under the Policy, Plaintiffs seek extracontractual damages under various common-law and statutory theories based on an alleged breach of the duty of good faith and fair dealing.

Defendant asserts that the damage to Plaintiffs' home is not covered under the

Policy because the damage was not caused by plumbing leaks. Rather, Defendant claims that the foundation movement was the result of settlement from the draining of moisture beneath the home by an extensive invasion of tree roots. Consequently, Defendant argues that it is not liable for the damage because the standard homeowner's policy in Texas excludes coverage for all loss caused by foundation movement unless the foundation movement was the result of "the accidental discharge, leakage or overflow of water or steam within a plumbing, heating or air conditioning system or household appliance." *Balandran v. Safeco Ins. Co. of Am.,* 972 S.W.2d 738, 742 (Tex.1998).

In support of its position, Defendant submitted the affidavit and expert reports of William Bowen, a licensed professional engineer who performed an inspection and general-condition survey of the Plaintiffs' residence before Defendant decided to deny the claim. Mr. Bowen concluded that although "there was probably some discharge of water beneath the foundation from the various drain line leaks ..., the foundation settlement as a result of the tree root growth beneath the foundation overshadowed any effect that the discharge of moisture may have caused to the foundation." (Def.App. Tab 1).

In response, Plaintiffs submitted the affidavit and expert report of K.M. Kirk, also a licensed professional engineer, who performed a visual inspection of the home and reviewed Mr. Bowen's engineering reports. Mr. Kirk criticized Mr. Bowen's "narrow focus" and concluded that leaks in the sewer line and in broken pipes beneath the home were the predominant cause of the foundation movement. Defendant, in its reply brief, asserts that the expert opinion of Mr. Kirk fails to satisfy Rule 702 of the Federal Rules of Evidence.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the record establishes that no genuine issue as to any material fact exists, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Hill v. London, Stetelman, & Kirkwood, Inc.,* 906 F.2d 204, 207 (5th Cir.1990). To determine whether an issue of material fact exists, the Court must first consult the applicable substantive law to ascertain what fact issues are material to the disposition of the case. *Lavespere v. Niagara Mach. & Tool Works,* 910 F.2d 167, 178 (5th Cir.1990), *cert. denied,* 510 U.S. 859, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993). The Court must then review the evidence presented, viewing the facts and inferences drawn from those facts in the light most favorable to the nonmoving party. *Newell v. Oxford Management Inc.,* 912 F.2d 793, 795 (5th Cir.1990); *Medlin v. Palmer,* 874 F.2d 1085, 1089 (5th Cir.1989). However, the Court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Where the movant bears the burden of proof on a claim or defense, he must establish all elements of the claim or defense to prevail on summary judgment. *Western Fire Ins. Co. v. Copeland,* 651 F.Supp. 1051, 1053 (S.D.Miss.1987), *aff'd,* 824 F.2d 970 (5th Cir.1987).

When the moving party has carried its summary judgment burden, the respondent "must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The respondent must produce evidence, not merely argument, in response to a movant's properly supported motion for summary judgment. *See Foval v. First Nat'l Bank of Commerce,* 841 F.2d 126, 129 (5th Cir.1988); *Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir.1987).

## III. DISCUSSION

■ Initially, the Court finds the Defendant's interpretation of the *Balandran* decision to be correct. That is, Defendant can only be held liable for the damage to Plaintiffs' home to the extent that the foundation movement was the result of settlement after soil erosion caused by plumbing leaks. *See* 972 S.W.2d 738 (Tex. 1998). Although Plaintiffs argue that Defendant also must cover damage caused by tree roots because the Policy does not contain any specific exclusion for foundation damage caused by tree roots, the Court concludes that there is no merit in that argument.

■ The Court thus must look to the opinions of the individual experts to determine whether a genuine issue of material fact exists as to the cause of the damage. The Supreme Court has imposed a special gatekeeping role on the trial judge to ensure that scientific evidence is both reliable and relevant before being admitted as evidence. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 113 S.Ct. 2786, 2796, 125 L.Ed.2d 469 (1993). The judge's role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value. *See Wheat v. Pfizer, Inc.*, 31 F.3d 340, 343 (5th Cir.1994); Fed.R.Evid. 702. Having reviewed the affidavits and reports of both experts, the Court concludes that the evidence and testimony submitted by Plaintiffs' expert wholly fails to assist the trier of fact to determine the nature of the cause of Plaintiffs' damage.

■ Plaintiffs' expert, Mr. Kirk, based his evaluation on one visual inspection of their home and on his review of Mr. Bowen's engineering reports. Mr. Kirk personally observed that major foundation movement had occurred and that there was evidence that internal cosmetic repairs had been done. These observations did not contradict those found by Mr. Bowen.

Mr. Kirk further stated that the plaintiffs told him about a gas leak under the fireplace and about previous leaks in the sewer system that had since been repaired. Mr. Kirk then posited an alternative theory that the open sewer line created an exit route for the soil beneath the home's foundation, thereby resulting in a settlement of the foundation without the typical evidence of upheaval normally observed in leak-related settlements. Mr. Kirk criticized Mr. Bowen's report for failing to consider such a possibility merely because there was no evidence of upheaval in the soil. Finally, Mr. Kirk concluded that the leaks in the sewer line and in other pipes were the predominant cause of the foundation movement.

The Court finds that Mr. Kirk's report entirely fails to provide a basis for his conclusion. He merely asserted a possible alternative explanation for the foundation movement, but he does not assert that it is the more likely explanation or why. It is impossible for the Court to determine whether his theory is a viable one, or whether such circumstances have been observed previously in the field. "[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment, and likewise to grant summary judgment." *Daubert*, 113 S.Ct. at 2798. Because Plaintiffs have provided the Court with no basis to establish that Mr. Kirk's theory is the most likely cause of the damage, "his testimony amounts to speculation and is of no assistance to the jury." *Brown v. Parker–Hannifin Corp.*, 919 F.2d 308, 311–12 (5th Cir.1990). Because the Court determines that Plaintiffs' proffered expert evidence is inadmissible, Defendant's expert evidence is unrebutted, thereby leaving no genuine issue of fact remaining as to the cause of Plaintiffs' damage for purposes of

coverage under the Policy.[1] As there is no liability under the Policy, Plaintiffs' extra-contractual claims necessarily fail.

Therefore, for the reasons stated above, it is ORDERED that Defendant's Motion for Summary Judgment is GRANTED. All claims in the above-styled and numbered cause are hereby DISMISSED WITH PREJUDICE.

1. The Court certainly would be remiss if it did not subject the report of Defendant's expert to the same scrutiny. The Court concludes that Mr. Bowen's report fully satisfies the requirements of *Daubert* and is helpful to the trier of fact. Mr. Bowen's conclusions are based on an extremely thorough inspection of the interior and exterior of the home on several occasions, the analysis of soil samples, measurements taken by Mr. Bowen, and the application of his collected data to typical patterns generally observed in the field of engineering.